IN RE: INQUIRY CONCERNING A JUDGE, NO. 194 SUSAN O. RENFER, RESPONDENT

No. 498A96

(Filed 27 March 1997)

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), filed with the Court on 26 November 1996, that Judge Susan O. Renfer, a Judge of the General Court of Justice, District Court Division, Tenth Judicial District of the State of North Carolina, be removed from office as provided in N.C.G.S. § 7A-376. Heard in the Supreme Court 20 March 1997.

The following facts are based upon the record as tendered by the Judicial Standards Commission and the transcript of the proceedings before it: On 24 May 1995 and 18 June 1995, the Commission, in accordance with its Rule 7, notified respondent that it had ordered a preliminary investigation to determine whether formal proceedings should be instituted against her under the Commission's Rule 8. The notice generally informed respondent of the areas of misconduct to be investigated, that the investigation would remain confidential in accordance with N.C.G.S. § 7A-377 and Commission Rule 4, and that respondent had the right to present for the Commission's consideration any relevant matters which she might choose.

On 14 May 1996, respondent's attorney of record, Edward E. Hollowell, was served with a formal notice of complaint in which the Commission concluded that formal proceedings should be instituted against respondent based on the evidence developed by the preliminary investigation into this inquiry. An answer was filed on 3 June 1996 by Mr. Hollowell in which respondent categorically denied that she had committed any act or made any statement that legally or ethically constitutes willful misconduct in office. According to the record, when the Commission filed the complaint, Mr. Hollowell had informed respondent, but not the Commission, that he would not be able to represent her at the Commission hearing because of the demands of his practice. Mr. Hollowell, however, agreed to assist respondent in finding another attorney to represent her. According to respondent, in late May, Mr. Hollowell contacted a firm to discuss the possibility that it would represent her at the Commission hearing. Mr. Hollowell indicated that the partner he spoke with would be pleased to represent respondent. Respondent spoke with this attorney on 10 July 1996, and he confirmed his willingness to represent her.

**IN RE RENFER**

[345 N.C. 632 (1997)]

On 18 June 1996, respondent was served with a notice of formal hearing which stated that the hearing was scheduled to commence at 9:30 a.m. on Monday, 14 October 1996. Apparently, this date was arrived at through discussions between Mr. Hollowell and the Commission. Respondent contends, however, that in mid-September 1996, the attorney she had retained as counsel with the assistance of Mr. Hollowell informed her that his firm would not be able to continue representation because of a conflict of interest.

In a letter to the Commission dated 17 September 1996, respondent requested a continuance of the hearing, explaining that she needed time to retain counsel. She further noted that several attorneys had agreed to consider representing her, but all needed more time to adequately prepare for the hearing. In an order entered on 25 September 1996 and signed by Judge Sidney S. Eagles, Jr., Chair of the Judicial Standards Commission, the request for a continuance was denied. On 14 October 1996, respondent appeared at the hearing before the Commission and once again moved for a continuance. After hearing from both respondent and counsel for the Commission, William N. Farrell, the Commission denied this motion. Thereafter, the Commission conducted a two-day hearing which respondent attended. However, respondent did not present evidence at the hearing or participate in her defense. At the conclusion of the hearing, respondent made a motion to hold the hearing open for a brief period in order to retain counsel and present evidence on her behalf. This motion was also denied by the Commission.

On 14 November 1996, the Commission issued a decision in which it recommended to this Court that respondent be removed from office. The conduct upon which the Commission based its recommendation included the following: (1) that while presiding over a domestic-relations session of court on 23 May 1995, respondent forcefully grabbed an attorney's clothing and shook her for several seconds; (2) that on 30 March 1995, while presiding over a criminal session of court, respondent refused to hear a case, falsely indicated on the case file that the case had not been reached, and reset the case for a later date; (3) that on 15 February 1995, respondent reduced an award of child support when no written or oral motion for modification of child support had been filed; (4) that on 30 March 1995, while presiding over the trial of *State v. Roger H. Lake, Jr.*, respondent set a punitive $3,000 cash bond when defendant gave notice of appeal; (5) that in a correspondence dated 18 April 1995, respondent accused

a superior court judge of improperly modifying the $3,000 bond which she had set in the *Lake* case; (6) that on 21 September 1995, while presiding over a criminal and infractions session of court, respondent falsely indicated on two case files that defendants had pled guilty; (7) that during proceedings on 28 March 1995, respondent attempted to convince a defendant to plead guilty in the absence of defendant's retained counsel; (8) that during the spring of 1995, six incidents took place in which respondent made inappropriate statements, including statements of a racial and political nature, in and out of court that were unbecoming to the respondent in the performance of her judicial duties and demeaned the integrity and dignity of the proceedings before the respondent and her judicial office.

*William N. Farrell, Jr., Special Counsel, for the Judicial Standards Commission.*

*American Center for Law & Justice, by Jay Alan Sekulow, pro hac vice, Larry Crain, pro hac vice, and John J. Stepanovich, pro hac vice; and Roger Wiles for respondent-appellant.*

ORDER OF REMAND.

This order is entered on behalf of a divided court, with Justices Whichard, Parker, Lake, and Orr in the majority and Chief Justice Mitchell and Justices Frye and Webb dissenting.

The Judicial Standards Commission is a statutorily created body comprised of one Court of Appeals judge, one Superior Court judge, and one District Court judge, each appointed by the Chief Justice of the Supreme Court; two members of the State Bar who have actively practiced in the courts of the State for at least ten years, elected by the State Bar Council; and two citizens who are not judges, active or retired, or members of the State Bar, appointed by the Governor. N.C.G.S. § 7A-375 (1995). The Commission's function is to investigate complaints against sitting judges and candidates for judicial office and to recommend to the Supreme Court what, if any, disciplinary action should be taken. The Commission is empowered by N.C.G.S. § 7A-377 to investigate complaints, compel the attendance of witnesses and the production of evidence, conduct a hearing which affords due process of law, and make recommendations to this Court about what disciplinary action, if any, should be taken. N.C.G.S. § 7A-377 (1995). The Commission "functions as an arm of the Court to conduct hearings for the purpose of aiding the Supreme Court

in determining whether a judge is unfit or unsuitable." *In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978). However, original jurisdiction to discipline judges lies solely within the Supreme Court by virtue of statutory authority. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "The Supreme Court may approve the recommendation, remand for further proceedings, or reject the recommendation." N.C.G.S. § 7A-377.

We further note that this Court does not review recommendations from the Commission as it would an appeal from a lower court or state agency. As noted above, in reviewing Commission recommendations, the Supreme Court sits not as an appellate court, but rather as a court of original jurisdiction. *In re Peoples*, 296 N.C. at 147, 250 S.E.2d at 912. Thus, this Court may make its own findings of fact or may choose to adopt those of the Commission as its own if it finds that they are supported by clear and convincing evidence. *In re Hardy*, 294 N.C. at 98, 240 S.E.2d at 373. "[The Commission's] recommendations are not binding upon the Supreme Court, which will consider the evidence of both sides and exercise its independent judgment as to whether it should censure, remove or decline to do either." *In re Nowell*, 293 N.C. 235, 244, 237 S.E.2d 246, 252 (1977).

Respondent contends that she was entitled to a continuance in order to have time to retain counsel to represent her at the Commission hearing. By virtue of the denial of her request for a continuance, respondent argues that she was compelled to attend the hearing without counsel, and she was thus denied the opportunity to effectively participate in the hearing. In a letter to the Commission dated 17 September 1996, respondent requested that the Commission continue her 14 October 1996 hearing for at least forty-five days. Respondent cites the withdrawal of two attorneys previously retained by her as the grounds for her motion. Respondent further notes that she had found several attorneys who had agreed to consider representing her, all of whom required additional time in order to prepare for the hearing. On 25 September 1996, the Commission denied respondent's motion to continue. On 30 September 1996, respondent's initial attorney of record wrote a letter confirming the fact that he had withdrawn as respondent's counsel and urging the Commission to grant respondent's motion. Respondent renewed her motion for a continuance on the date of the hearing, 14 October 1996, and once again the Commission denied it.

It is unnecessary for this Court to determine whether, in fact, respondent's due process interests were violated, as contended, or whether the Judicial Standards Commission abused its discretion in denying respondent's request for a continuance. The majority is unwilling to review a recommendation for removal of a judge under these particular circumstances, where respondent was unrepresented; requested a continuance in order to obtain legal counsel; and having had that request denied, did not participate in a meaningful way in the hearing.

As Justice I. Beverly Lake, Sr., acknowledged in a separate opinion in the disciplinary case of *In re Hardy*, removal of a judge is a matter of the most serious consequences where

> [the judge] is, thereby, not only deprived of the honor, power and emoluments of the office for the remainder of his term, but is also permanently disqualified from holding further judicial office in this State and G.S. 7A-376 expressly provides that he "receives no retirement compensation," regardless of how many years he has served with fidelity and distinction or how much he had paid into the State Retirement Fund pursuant to the provisions of the Retirement Act.

*In re Hardy*, 294 N.C. at 100-01, 240 S.E.2d at 374 (Lake, J., concurring in part and dissenting in part). Justice Lake added:

> The more serious consequence is that the people, who elected him to be their judge, are deprived of his services for the remainder of his term. It is not a light thing for this Court to assume the power to say to the people of North Carolina, "You have lawfully elected this judge, but we have determined that he cannot serve you."

*Id.* at 101, 240 S.E.2d at 374-75. Thus, a recommendation of removal requires that this Court ensure respondent was provided an adequate opportunity to participate in the hearing and to defend the charges against her. " 'It is fundamental that both unfairness and the appearance of unfairness should be avoided.' " *Crump v. Board of Educ.*, 326 N.C. 603, 624, 392 S.E.2d 579, 590 (1990) (quoting *American Cyanamid Co. v. FTC*, 363 F.2d 757, 767 (6th Cir. 1966)).

Counsel for the Judicial Standards Commission contends that respondent was dilatory in obtaining counsel and did not move expeditiously in preparing for the hearing which had been set for four

months. Respondent vigorously denies this contention on the grounds that two attorneys retained by her withdrew as counsel and a third made his representation contingent upon a continuance. In the face of an inconclusive record as to the validity of the respective contentions, we decline to review a recommendation for removal at this juncture. The recommendation involves removing a judge from office and precluding that judge from ever again participating in the judiciary. This matter is of such gravity that, absent clear and convincing evidence of dilatory conduct on the part of respondent in securing counsel, it requires a full evidentiary hearing where respondent has adequate opportunity to secure counsel and the opportunity to actively participate in her defense.

Therefore, this case is remanded to the Judicial Standards Commission for the purpose of holding a new hearing. This Court will then review the recommendation of the Commission as to what, if any, disciplinary action should be taken against respondent.

We note from the record and oral argument that respondent is currently represented by counsel. One is in-state counsel of record, and the others were admitted *pro hac vice* by this Court. It has been represented to this Court in respondent's brief that "Judge Renfer now has counsel, so this Court need not order a continuance on remand." Therefore, this Court, pursuant to its original jurisdiction over discipline of judges, further orders that should there be any motions for withdrawal of counsel, they should be made directly to this Court. In his brief for the Judicial Standards Commission, Mr. Farrell denies that the Commission has the power to allow counsel to enter or withdraw from a case before it. He states: "The rules of the Commission do not provide for the entry or withdrawal of counsel in Commission proceedings. Unlike civil and criminal proceedings, the Commission rules do not address withdrawal of counsel." There is no doubt, however, that this Court has such authority.

Therefore, the matter is remanded to the Judicial Standards Commission for further proceedings not inconsistent with this order. Such proceedings shall be conducted and a recommendation, if any, made to this Court as expeditiously as feasible. Chief Justice Mitchell and Justices Frye and Webb dissent from this order on the grounds that this case should not be remanded but that the Commission's recommendation for removal of respondent should be addressed on its merits.

**IN RE RENFER**

[345 N.C. 632 (1997)]

So ordered by the Court in Conference, this the 27th day of March, 1997.

JUSTICE ROBERT F. ORR
For the Court

Chief Justice MITCHELL and Associate Justices FRYE and WEBB dissent.